NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0794n.06

No. 15-5183

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DUANE C. WARD, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Dec 04, 2015
DEBORAH S. HUNT, Clerk

BEFORE:     BATCHELDER, MOORE, and ROGERS, Circuit Judges

ALICE M. BATCHELDER, Circuit Judge.   Defendant Duane C. Ward appeals the judgment of sentence revoking his supervised release and sentencing him to an additional prison term of 24 months, 10 months greater than the applicable Guidelines range.  Ward argues that his sentence is substantively unreasonable because the district court failed to give due consideration to the evidence of his drug addiction and consequent need of treatment.  For the reasons that follow, we AFFIRM.

**I.  FACTS AND PROCEDURAL HISTORY**

On July 1, 2014, Defendant Ward began a three-year period of supervised release after serving a two-year sentence for false-claims conspiracy and conspiracy to commit money laundering.  Within three months of his release, Ward had amassed multiple violations of the terms of his supervision:  he was issued a misdemeanor citation for possession of marijuana; he

failed to report the citation to his probation officer within 72 hours of receiving it; he failed to provide urine samples as instructed by his probation officer on two occasions, and was therefore discharged from the U.S. Probation Office's random screening program; he failed to notify his probation officer within 10 days prior to moving from his reported residence; and he was terminated from the Drug Court program for failing to comply with program directives, including failing to appear on two occasions and being charged with possession of marijuana.

Ward pleaded guilty to all of the violations except the misdemeanor citation, which was dismissed. Due to Ward's criminal history of VI, and because each remaining violation was a Grade C, the Guidelines recommended a prison term of 8 to 14 months. U.S.S.G. § 7B1.4. The government recommended a sentence within the Guidelines range followed by an additional period of supervision. Ward acknowledged that some prison time was appropriate but requested a shorter sentence followed by supervision during which he could receive drug treatment. The district court declined to follow the Guidelines and the parties' recommendations, instead revoking Ward's supervised release and sentencing him to 24 months in prison with no period of supervision. Ward timely filed this appeal.

## II.  STANDARD OF REVIEW

We review for abuse of discretion the reasonableness of a sentence revoking supervised release. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (setting abuse of discretion standard for review of sentences generally). The same standard applies whether the district court imposed a sentence inside or outside the Guidelines range. *Gall*, 552 U.S. at 51. We do not presume that a sentence outside the Guidelines range is either reasonable or unreasonable, but we "must give due deference to the

district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

### III.  ANALYSIS

Ward's sole argument on appeal is that his sentence is substantively unreasonable. A sentence may be substantively unreasonable if the district court selected it arbitrarily, based it on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor. *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009).

In choosing to vary upward from the Guidelines range, the district court emphasized the need to promote respect for the law and the fact that the defendant had committed these violations almost immediately upon release from prison. *See* 18 U.S.C. § 3553(a)(1), (2)(A). The court expressed concern that a defendant could violate the terms of his supervised release so quickly, and potentially get out of prison before his original period of supervision would have expired. But the court clearly considered all of the § 3553(a) factors.

On appeal, Ward contends that the district court placed too much weight on his criminal history and the multiple violations of his supervision, while failing to take into account the benefits he could gain from a drug treatment program. Ward claims that he accumulated the large number of violations so quickly because of his unstable living situation when he was first released, which caused him to relapse into his drug addiction. He thus argues that his sentence unreasonably discounts the rehabilitation factor. *See* 18 U.S.C. § 3553(a)(2)(D).

When Ward raised this argument at his sentencing hearing, the court specifically explained its decision to impose a longer sentence without any supervision. In particular, two factors convinced the court that supervision would be futile because Ward was not willing to be

rehabilitated. First, at his initial sentencing, Ward had denied needing drug treatment, claiming he had not used drugs since his teenage years. This attitude continued on supervision in Ward's disregard for the directives of the Drug Court. Second, the court relied on the conclusion of Ward's probation officer that Ward was "not amenable to supervision" because he made no attempts to communicate with the probation office as required. Although Ward argues that these facts show that he is an addict and needs treatment, the court did not abuse its discretion in concluding otherwise. Since the district court did not unreasonably weigh the § 3553(a) sentencing factors, the upward variance was not an abuse of discretion.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM Ward's sentence revoking his term of supervised release and imposing a sentence of 24 months' incarceration.